THOMAS E. MULVIHILL, ESQ. (SBN 129906)
TAMIKO A. DUNHAM, ESQ. (SBN 233455)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Plaintiff
UNITED SPECIALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> DEAN PETERSEN dba PETERSEN CONSTRUCTION SERVICES, a citizen of the State of California; <br><br> Defendants. | Case No.: 2:16-CV-02480-KJM-GGH <br><br> STIPULATION AND ORDER FOR FILING FIRST AMENDED COMPLAINT AND ANSWER TO FIRST AMENDED COMPLAINT <br><br> The Hon. Kimberly J. Mueller <br> Action Filed: October 17, 2016 |

Plaintiff UNITED SPECIALTY INSURANCE COMPANY ("Plaintiff") and Defendant

DEAN PETERSEN dba PETERSEN CONSTRUCTION SERVICES ("Defendant") (collectively,

the "Parties") respectfully submit the following Stipulation and Proposed Order for Filing First

Amended Complaint and Answer to First Amended Complaint:

WHEREAS, on October 17, 2016, Plaintiff filed its Complaint in this action;

WHEREAS, on December 27, 2016, Defendant filed its Answer to Plaintiff's Complaint in

this action;

///

WHEREAS, information concerning the claims at issue subsequently came to the attention of the Parties, resulting in the Parties each desiring to amend their respective pleadings in this action.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties through their undersigned counsel of record that the Parties will file concurrent limited amendments to the pleadings, as follows:

1. Plaintiff shall be allowed to file its First Amended Complaint. A copy of Plaintiff's First Amended Complaint, in draft with revisions shown in redline, is attached hereto as **Exhibit A**. A clean copy of the First Amended Complaint, which will become the operative complaint, is attached hereto as **Exhibit B**. Upon entry of the proposed order herein, Plaintiff will file a copy of **Exhibit B** as its amended complaint;

2. Defendant will then file its Answer to Plaintiff's First Amended Complaint, a copy of which, in draft with revisions shown in redline, is attached hereto as **Exhibit C**. A clean copy of the Answer to Plaintiff's First Amended Complaint is attached hereto as **Exhibit D.** Following entry of the proposed order herein and Plaintiff's filing of Exhibit B, Defendant will file a copy of Exhibit D as its answer to the amended complaint.


**IT IS SO STIPULATED**.


Dated: July 13, 2017                    BOORNAZIAN, JENSEN & GARTHE
                                        A Professional Corporation



                                        By: _____/ S / Tamiko A. Dunham, Esq._____
                                            THOMAS E. MULVIHILL, ESQ.
                                            TAMIKO A. DUNHAM, ESQ.
                                            Attorneys for Plaintiff
                                            UNITED SPECIALTY INSURANCE
                                            COMPANY

Dated: June 13, 2017

WEINSTEIN & NUMBERS, LLP


By: <u>/ S / Shanti Eagle, Esq. (as authorized on 7/13/17)</u>
BARRON L. WEINSTEIN, ESQ
SHANTI EAGLE, ESQ.
Attorneys for Defendant
DEAN PETERSEN dba PETERSEN
CONSTRUCTION SERVICES

## ORDER

**PURSUANT TO STIPULATION**, and for good cause shown, **IT IS HEREBY ORDERED** that:

1.    Plaintiff shall be allowed to file its First Amended Complaint.   A copy of Plaintiff's First Amended Complaint, in draft with revisions shown in redline, is attached hereto as **Exhibit A**. A clean copy of the First Amended Complaint, which will become the operative complaint, is attached hereto as **Exhibit B**. Upon entry of the proposed order herein, Plaintiff will file a copy of Exhibit B as its amended complaint;

2.    Defendant will then file its Answer to Plaintiff's First Amended Complaint, a copy of which, in draft with revisions shown in redline, is attached hereto as **Exhibit C**. A clean copy of the Answer to Plaintiff's First Amended Complaint is attached hereto as **Exhibit D.** Following entry of the proposed order herein and Plaintiff's filing of Exhibit B, Defendant will file a copy of Exhibit D as its answer to the amended complaint.

**IT IS SO ORDERED.**

DATED:  August 2, 2017.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

THOMAS E. MULVIHILL, ESQ. (SBN 129906)
TAMIKO A. DUNHAM, ESQ. (SBN 233455)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Plaintiff
UNITED SPECIALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation,<br><br>        Plaintiff,<br><br>v.<br><br>DEAN PETERSEN dba PETERSEN CONSTRUCTION SERVICES, a citizen of the State of California;<br><br>        Defendants. | Case No.: 2:16-cv-02480-KJM-GGH<br><br>**[PROPOSED] FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT** |

COMES NOW Plaintiff UNITED SPECIALTY INSURANCE COMPANY ("USIC") and complains of defendant DEAN PETERSEN dba PETERSEN CONSTRUCTION SERVICES ("PETERSEN") as follows:

## JURISDICTIONAL ALLEGATION

1. This is an action for declaratory judgment between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of costs and interest. This Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) (1) and (c) (1).

## VENUE ALLEGATION

2.     A substantial part of the events giving rise to this action occurred within this judicial district, and defendant's business activities and contacts within this judicial district are sufficient to subject defendant to personal jurisdiction within this judicial district.  Accordingly, venue in the Eastern District of California is appropriate pursuant to 28 U.S.C. § 1391(b) (1) and (2), and 28 U.S.C. § 1391 (d).

## GENERAL ALLEGATIONS

3.     USIC is, and at all times relevant hereto was, an insurance corporation in good standing, organized and existing under the laws of the State of Delaware.  USIC is authorized to do business and write insurance in the State of California, with its principal place of business in Bedford, Texas.  Accordingly, USIC is a citizen of the State of Delaware and the State of Texas for the purpose of diversity jurisdiction.

4.     PETERSEN is an individual domiciled in the State of California and is a citizen of the State of California for purposes of diversity jurisdiction.

## FACTUAL ALLEGATIONS

5.     This declaratory relief action arises out of a construction defect lawsuit filed on November 12, 2014 by plaintiffs David and Michelle Finkelstein (collectively, "Finkelsteins") in the Superior Court of the State of California, County of Placer, Case No. SCV 0035325, styled *David Finkelstein and Michelle Finkelstein v. Dean Petersen, et al.* ("Underlying Action").  A true and correct copy of the Complaint in the Underlying Action is attached hereto as **Exhibit A**.

6.     The Complaint in the Underlying Action alleged that the Finkelsteins entered into a written agreement dated August 15, 2013 with PETERSEN, in which PETERSEN agreed to construct a single-family residence at 8360 Rustic Woods Way, Loomis, California ("Property") for $1,110,398.

7.     The Complaint in the Underlying Action alleged that construction at the Property continued through June of 2014, at which time the Finkelsteins moved into the Property even though not all work had been completed.

8.     The Complaint in the Underlying Action alleged the Property was negligently built, resulting in significant construction defects and resultant damages.  The alleged damages include defects relating to the foundation, hardscape, driveway, concrete, siding and trim, exterior balconies, wrought iron, roofing, finish carpentry, cabinets, electrical, painting, windows, doors, sheet metal, appliances, framing, and other components of the Property as yet unknown, resulting in significant expense to repair the Property.  The amount in controversy in the Underlying Action allegedly exceeds $75,000.

9.     PETERSEN retained independent contractors to perform ~~all of the~~ construction work and supply ~~all of the~~ materials for the Property ~~with respect to the alleged defects~~, including but not limited to, work and/or materials related to the foundation, hardscape, driveway, concrete, siding and trim, exterior balconies, wrought iron, roofing, finish carpentry, cabinets, electrical, painting, windows, doors, sheet metal, appliances, and framing of the Property.

10.     The ~~damages at issue in the~~ Underlying Action arose, in whole or in part, out of the actions or inactions of or the materials provided by ~~the~~ independent contractors performing work on behalf of PETERSEN, or the actions or inactions of ~~the~~ independent contractors' employees, laborers, suppliers or vendors.

11.     PETERSEN did not secure from each independent contractor prior to construction of the Property the following documents: (1) a written agreement requiring the independent contractor to indemnify and hold harmless PETERSEN against all liability arising out of or related to the work or products of the independent contractor; (2) a written agreement requiring the independent contractor, at its own expense, to defend any suit brought against PETERSEN founded upon a claim for damage sustained by any third party arising out of or related to the work or product of the independent contractor; (3) a written agreement requiring the independent contractor to defend and indemnify PETERSON at the time written notice of the claim or suit is first provided to PETERSEN regardless of whether the independent contractor is named as part to the claim or suit; (4) a written agreement requiring the independent contractor to name PETERSEN an additional insured on its Commercial General Liability policy; and (5) a valid and

1  enforceable Certificate of Insurance and Additional Insured Endorsement issued by or on behalf of
2  the insurance carrier for the independent contractor indicating that PETERSEN is named as an
3  additional insured for coverage equal to or greater than the coverage provided by the Commercial
4  General Liability issued by USIC to PETERSON (Policy No. DSI-GL-CA-00545) for the entire
5  time the independent contractor is performing work or providing materials on behalf of
6  PETERSON, including coverage for both on-going and products-completed operations hazards.

7    12.    USIC insured PETERSEN pursuant to a Commercial General Liability policy of
8  insurance, Policy No. DSI-GL-CA-00545, effective August 28, 2013 to August 28, 2014
9  ("Policy").  A true and correct copy of the Policy in redacted form is attached hereto as **Exhibit B**.

10   13.    PETERSEN tendered its defense and indemnity of the Underlying Action to USIC
11  under the Policy.  USIC agreed to defend PETERSEN in the Underlying Action under the Policy
12  pursuant to a full reservation of rights to disclaim any obligation to defend or indemnify
13  PETERSEN in connection with the Underlying Action.  USIC retained counsel to defend
14  PETERSEN in the Underlying Action and is currently defending PETERSEN against the
15  Underlying Action.

16              **FIRST CAUSE OF ACTION**

17              **DECLARATORY JUDGMENT**

18              **(Against All Defendants)**

19   14.    USIC incorporates the allegations contained in paragraphs 1 through 13, inclusive,
20  of this First Amended Complaint as though fully set forth herein.

21   15.    The Policy contains an Independent Contractors Exclusion ("ICE").   The ICE
22  expressly excludes coverage as follows:

23        **49.    INDEPENDENT CONTRACTORS**

24        Any **claim** or **suit** arising, in whole or in part, out of the actions or inactions of or
          the materials provided by an independent contractor performing work on behalf of
25        an insured or the actions or inactions of the independent contractor's **employees**,
26        laborers, suppliers or vendors.

27        This exclusion will not apply if:

28                    -4-

(a)    Prior to an independent contractor commencing work, services, or operations or supplying products or materials for or on behalf of any **insured**, the **insured** receives a written agreement providing that:

(1) The independent contractor will indemnify and hold the **insured**, its partners, officers, agents and employees harmless against all liability, **claims**, judgments, **suits** or demands by any third party, including any other **insureds**, arising out of or related to the work or product of the independent contractor; and

(2) The independent contractor will at its own expense defend any **suit** brought against the **insured** founded upon a **claim** for damage sustained by any third party arising out of or related to the work or product of the independent contractor; and

(3) The independent contractor's obligation to defend and indemnify will arise at the time written notice of the **claim** or **suit** is first provided to an **insured** regardless of whether the independent contractor is named as part to the **claim** or **suit**; and

(4) The independent contractor will name the **insured** as an **additional insured** on the independent contractor's Commercial General Liability policy, the endorsement will provide coverage for the independent contractor's completed work and will specify that the independent contractor's insurance is primary to any insurance issued by **us** to the **insured**.

(b)    Prior to an independent contractor commencing work, services, or operations or supplying products or materials for or on behalf of any **insured**, the **insured** will obtain and thereafter maintain valid and enforceable Certificates of Insurance and Additional Insured Endorsements issued by or on behalf of the insurance carrier from each and every independent contractor indicating that the **insured** is named as an additional **insured** and that the coverage maintained is equal to or greater than provided by this policy for the entire time the independent contractor is performing work or providing materials on behalf of the **insured** and that coverage is provided for both on-going and **products-completed operations hazard**. The policy carried by the independent contractor shall be primary and non-contributory as regards the **insured's** policy as well as containing a waiver of subrogation against the **insured**.

(c)    It is expressly agreed by the **insured** that if the **insured** fails to comply with the conditions stated in paragraphs (a) and (b) above, then the exclusion remains effective.

(d)    It is expressly agreed by the **insured** that if the **insured** fails to comply with the conditions stated in paragraphs (a) and (b) above, then there is no

-5-

coverage for any **claim** or **suit** arising out of or related in any way to the work of or materials provided the **insured** even if the work or materials of the **insured** is independent of or separate from the work or of materials provided by the independent contractor.

(e)     It is expressly agreed by the **insured** that the consequences set forth in paragraph (c) and (d) will apply even if the independent contractor is a party to the **claim**, demand or **suit** and has insurance which is participating in the defense and indemnification of the independent contractor.

(f)     It is further expressly agreed by the **insured** that the consequences set forth in paragraph (c) and (d) will apply even if the failure to comply with the conditions of paragraph (a) and (b) do not increase **our** monetary obligation for defense or indemnification

(g)     The coverage provided by this policy shall apply excess over and above any other valid and collectible insurance available to the **insured** by virtue of the additional insured endorsements provided by an independent contractor.

(h)     Paragraphs (a) through (g) apply even if the work commenced or the products were supplied prior to the inception of this policy.

(i)     For purposes of this exclusion, any individuals, entities or companies, whether appropriately licensed or not, doing work or performing services for the **insured**:

(i) who are not specifically identified on the **insured's** employment records as **employees**, are not compensated as **employees** and for which the **insured** has not obtained worker's compensation insurance; or
(ii) which are not compensated through a payroll/staffing or PEO service under contract to the **insured** are independent contractors for purposes of this exclusion and the provisions of this exclusion apply in full.

16.     The ~~damages at issue in the~~ Underlying Action arose, in whole or in part, out of the actions or inactions or the materials provided by ~~the~~ independent contractors of PETERSEN, or the actions or inactions of ~~the~~ independent contractor~~'~~s'_ employees, laborers, suppliers or vendors, so as to trigger the ICE; and PETERSEN failed to satisfy the conditions necessary to overcome the exclusionary impact of the ICE.  Based on the ICE, USIC avers that no duty to defend or indemnify is triggered under the Policy against the claims asserted in the Underlying Action.

17.     An actual controversy now exists in that USIC contends, and PETERSEN denies, that USIC owes no duty to defend or indemnify PETERSEN under the Policy against the claims

1  asserted in the Underlying Action based upon the ICE.

2    18.    USIC desires a judicial determination with respect to the rights, duties and

3  obligations of USIC as to the duty to defend or indemnify PETERSEN against the claims asserted

4  in the Underlying Action under the terms and conditions of the Policy, including the ICE.  Such a

5  determination is necessary and appropriate at this time in order that the parties may ascertain their

6  respective rights, duties and obligations.

7    19.    USIC has no other adequate remedy at law to resolve the aforesaid controversy.

8                          **SECOND CAUSE OF ACTION**

9                      **REIMBURSEMENT OF DEFENSE COSTS**

10    20.    USIC incorporates the allegations contained in paragraphs 1 through 19, inclusive,

11  of this First Amended Complaint as though fully set forth herein.

12    21.    In providing a defense to PETERSEN under the Policy in connection with the

13  Underlying Action, USIC fully reserved all rights of reimbursement from PETERSEN of any

14  defense costs paid on PETERSEN's behalf upon adjudication by this Court that no duty to defend

15  PETERSEN was ever triggered under the Policy with respect to the Underlying Action.

16    22.    USIC's reservation of rights created an implied contractual obligation on the part of

17  PETERSEN to reimburse USIC upon adjudication by this Court that no duty to defend

18  PETERSEN was ever triggered under the Policy with respect to the Underlying Action

19    23.    By accepting the defense under the Policy, PETERSEN received the benefits under

20  the Policy to which it was not entitled and would be unjustly enriched by the retention of those

21  benefits at the expense of USIC upon adjudication by this Court that no duty to defend

22  PETERSEN was ever triggered under the Policy with respect to the Underlying Action.

23    24.    USIC contends that it never owed a duty to defend PETERSEN under the Policy in

24  connection with the Underlying Action and is therefore is entitled to a monetary judgment against

25  PETERSEN according to proof equal to the sum expended by USIC in the defense of PETERSEN

26  under the Policy in the Underlying Action.

27  ///

28

## **PRAYER FOR RELIEF**

WHEREFORE, USIC prays for judgment as follows:

1. For a declaration of this court binding as to all defendants which directs that the Policy provides no coverage in connection with the Underlying Action based upon the ICE;

2. For USIC's costs of suit incurred herein;

3. For monetary judgment in favor of USIC and against PETERSEN for reimbursement of the cost of defense of PETERSEN in the Underlying Action for which USIC had no duty to provide under the Policy; and

4. For all such other and further relief as the court may deem just and proper.


DATED: ~~October 17, 2016~~DRAFT          ———BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation


By: _____

    THOMAS E. MULVIHILL, ESQ.
    TAMIKO A. DUNHAM, ESQ.
    ~~IAN E. ANDERSON, ESQ.~~
    Attorneys for Plaintiff
    UNITED SPECIALTY INSURANCE
    COMPANY

27582\736318

# EXHIBIT B

THOMAS E. MULVIHILL, ESQ. (SBN 129906)
TAMIKO A. DUNHAM, ESQ. (SBN 233455)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Plaintiff
UNITED SPECIALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation, )<br><br>Plaintiff, )<br>v. )<br><br>DEAN PETERSEN dba PETERSEN CONSTRUCTION SERVICES, a citizen of the State of California; )<br><br>Defendants. ) | Case No.: 2:16-cv-02480-KJM-GGH<br><br>**[PROPOSED] FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT** |

COMES NOW Plaintiff UNITED SPECIALTY INSURANCE COMPANY ("USIC") and complains of defendant DEAN PETERSEN dba PETERSEN CONSTRUCTION SERVICES ("PETERSEN") as follows:

## JURISDICTIONAL ALLEGATION

1.     This is an action for declaratory judgment between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of costs and interest. This Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) (1) and (c) (1).

**VENUE ALLEGATION**

2.      A substantial part of the events giving rise to this action occurred within this judicial district, and defendant's business activities and contacts within this judicial district are sufficient to subject defendant to personal jurisdiction within this judicial district.  Accordingly, venue in the Eastern District of California is appropriate pursuant to 28 U.S.C. § 1391(b) (1) and (2), and 28 U.S.C. § 1391 (d).

**GENERAL ALLEGATIONS**

3.      USIC is, and at all times relevant hereto was, an insurance corporation in good standing, organized and existing under the laws of the State of Delaware.  USIC is authorized to do business and write insurance in the State of California, with its principal place of business in Bedford, Texas.  Accordingly, USIC is a citizen of the State of Delaware and the State of Texas for the purpose of diversity jurisdiction.

4.      PETERSEN is an individual domiciled in the State of California and is a citizen of the State of California for purposes of diversity jurisdiction.

**FACTUAL ALLEGATIONS**

5.      This declaratory relief action arises out of a construction defect lawsuit filed on November 12, 2014 by plaintiffs David and Michelle Finkelstein (collectively, "Finkelsteins") in the Superior Court of the State of California, County of Placer, Case No. SCV 0035325, styled *David Finkelstein and Michelle Finkelstein v. Dean Petersen, et al.* ("Underlying Action").  A true and correct copy of the Complaint in the Underlying Action is attached hereto as **Exhibit A**.

6.      The Complaint in the Underlying Action alleged that the Finkelsteins entered into a written agreement dated August 15, 2013 with PETERSEN, in which PETERSEN agreed to construct a single-family residence at 8360 Rustic Woods Way, Loomis, California ("Property") for $1,110,398.

7.      The Complaint in the Underlying Action alleged that construction at the Property continued through June of 2014, at which time the Finkelsteins moved into the Property even though not all work had been completed.

8.     The Complaint in the Underlying Action alleged the Property was negligently built, resulting in significant construction defects and resultant damages.  The alleged damages include defects relating to the foundation, hardscape, driveway, concrete, siding and trim, exterior balconies, wrought iron, roofing, finish carpentry, cabinets, electrical, painting, windows, doors, sheet metal, appliances, framing, and other components of the Property as yet unknown, resulting in significant expense to repair the Property.  The amount in controversy in the Underlying Action allegedly exceeds $75,000.

9.     PETERSEN retained independent contractors to perform construction work and supply materials for the Property, including but not limited to, work and/or materials related to the foundation, hardscape, driveway, concrete, siding and trim, exterior balconies, wrought iron, roofing, finish carpentry, cabinets, electrical, painting, windows, doors, sheet metal, appliances, and framing of the Property.

10.    The Underlying Action arose, in whole or in part, out of the actions or inactions of or the materials provided by independent contractors performing work on behalf of PETERSEN, or the actions or inactions of independent contractors' employees, laborers, suppliers or vendors.

11.    PETERSEN did not secure from each independent contractor prior to construction of the Property the following documents: (1) a written agreement requiring the independent contractor to indemnify and hold harmless PETERSEN against all liability arising out of or related to the work or products of the independent contractor; (2) a written agreement requiring the independent contractor, at its own expense, to defend any suit brought against PETERSEN founded upon a claim for damage sustained by any third party arising out of or related to the work or product of the independent contractor; (3) a written agreement requiring the independent contractor to defend and indemnify PETERSON at the time written notice of the claim or suit is first provided to PETERSEN regardless of whether the independent contractor is named as part to the claim or suit; (4) a written agreement requiring the independent contractor to name PETERSEN an additional insured on its Commercial General Liability policy; and (5) a valid and enforceable Certificate of Insurance and Additional Insured Endorsement issued by or on behalf of

-3-

the insurance carrier for the independent contractor indicating that PETERSEN is named as an additional insured for coverage equal to or greater than the coverage provided by the Commercial General Liability issued by USIC to PETERSON (Policy No. DSI-GL-CA-00545) for the entire time the independent contractor is performing work or providing materials on behalf of PETERSON, including coverage for both on-going and products-completed operations hazards.

12. USIC insured PETERSEN pursuant to a Commercial General Liability policy of insurance, Policy No. DSI-GL-CA-00545, effective August 28, 2013 to August 28, 2014 ("Policy"). A true and correct copy of the Policy in redacted form is attached hereto as **Exhibit B**.

13. PETERSEN tendered its defense and indemnity of the Underlying Action to USIC under the Policy. USIC agreed to defend PETERSEN in the Underlying Action under the Policy pursuant to a full reservation of rights to disclaim any obligation to defend or indemnify PETERSEN in connection with the Underlying Action. USIC retained counsel to defend PETERSEN in the Underlying Action and is currently defending PETERSEN against the Underlying Action.

### **FIRST CAUSE OF ACTION**

### **DECLARATORY JUDGMENT**

### **(Against All Defendants)**

14. USIC incorporates the allegations contained in paragraphs 1 through 13, inclusive, of this First Amended Complaint as though fully set forth herein.

15. The Policy contains an Independent Contractors Exclusion ("ICE"). The ICE expressly excludes coverage as follows:

> **49. INDEPENDENT CONTRACTORS**
>
> Any **claim** or **suit** arising, in whole or in part, out of the actions or inactions of or the materials provided by an independent contractor performing work on behalf of an insured or the actions or inactions of the independent contractor's **employees**, laborers, suppliers or vendors.
>
> This exclusion will not apply if:
>
> (a) Prior to an independent contractor commencing work, services, or

-4-

operations or supplying products or materials for or on behalf of any **insured**, the **insured** receives a written agreement providing that:

(1) The independent contractor will indemnify and hold the **insured**, its partners, officers, agents and employees harmless against all liability, **claims**, judgments, **suits** or demands by any third party, including any other **insureds**, arising out of or related to the work or product of the independent contractor; and

(2) The independent contractor will at its own expense defend any **suit** brought against the **insured** founded upon a **claim** for damage sustained by any third party arising out of or related to the work or product of the independent contractor; and

(3) The independent contractor's obligation to defend and indemnify will arise at the time written notice of the **claim** or **suit** is first provided to an **insured** regardless of whether the independent contractor is named as part to the **claim** or **suit**; and

(4) The independent contractor will name the **insured** as an **additional insured** on the independent contractor's Commercial General Liability policy, the endorsement will provide coverage for the independent contractor's completed work and will specify that the independent contractor's insurance is primary to any insurance issued by **us** to the **insured**.

(b) Prior to an independent contractor commencing work, services, or operations or supplying products or materials for or on behalf of any **insured**, the **insured** will obtain and thereafter maintain valid and enforceable Certificates of Insurance and Additional Insured Endorsements issued by or on behalf of the insurance carrier from each and every independent contractor indicating that the **insured** is named as an additional **insured** and that the coverage maintained is equal to or greater than provided by this policy for the entire time the independent contractor is performing work or providing materials on behalf of the **insured** and that coverage is provided for both on-going and **products-completed operations hazard**. The policy carried by the independent contractor shall be primary and non-contributory as regards the **insured's** policy as well as containing a waiver of subrogation against the **insured**.

(c) It is expressly agreed by the **insured** that if the **insured** fails to comply with the conditions stated in paragraphs (a) and (b) above, then the exclusion remains effective.

(d) It is expressly agreed by the **insured** that if the **insured** fails to comply with the conditions stated in paragraphs (a) and (b) above, then there is no coverage for any **claim** or **suit** arising out of or related in any way to the

-5-

work of or materials provided the **insured** even if the work or materials of the **insured** is independent of or separate from the work or of materials provided by the independent contractor.

(e) It is expressly agreed by the **insured** that the consequences set forth in paragraph (c) and (d) will apply even if the independent contractor is a party to the **claim**, demand or **suit** and has insurance which is participating in the defense and indemnification of the independent contractor.

(f) It is further expressly agreed by the **insured** that the consequences set forth in paragraph (c) and (d) will apply even if the failure to comply with the conditions of paragraph (a) and (b) do not increase **our** monetary obligation for defense or indemnification

(g) The coverage provided by this policy shall apply excess over and above any other valid and collectible insurance available to the **insured** by virtue of the additional insured endorsements provided by an independent contractor.

(h) Paragraphs (a) through (g) apply even if the work commenced or the products were supplied prior to the inception of this policy.

(i) For purposes of this exclusion, any individuals, entities or companies, whether appropriately licensed or not, doing work or performing services for the **insured**:

(i) who are not specifically identified on the **insured's** employment records as **employees**, are not compensated as **employees** and for which the **insured** has not obtained worker's compensation insurance; or
(ii) which are not compensated through a payroll/staffing or PEO service under contract to the **insured** are independent contractors for purposes of this exclusion and the provisions of this exclusion apply in full.

16. The Underlying Action arose, in whole or in part, out of the actions or inactions or the materials provided by independent contractors of PETERSEN, or the actions or inactions of independent contractors' employees, laborers, suppliers or vendors, so as to trigger the ICE; and PETERSEN failed to satisfy the conditions necessary to overcome the exclusionary impact of the ICE. Based on the ICE, USIC avers that no duty to defend or indemnify is triggered under the Policy against the claims asserted in the Underlying Action.

17. An actual controversy now exists in that USIC contends, and PETERSEN denies, that USIC owes no duty to defend or indemnify PETERSEN under the Policy against the claims asserted in the Underlying Action based upon the ICE.

-6-

18.     USIC desires a judicial determination with respect to the rights, duties and obligations of USIC as to the duty to defend or indemnify PETERSEN against the claims asserted in the Underlying Action under the terms and conditions of the Policy, including the ICE.  Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights, duties and obligations.

19.     USIC has no other adequate remedy at law to resolve the aforesaid controversy.

## SECOND CAUSE OF ACTION

## REIMBURSEMENT OF DEFENSE COSTS

20.     USIC incorporates the allegations contained in paragraphs 1 through 19, inclusive, of this First Amended Complaint as though fully set forth herein.

21.     In providing a defense to PETERSEN under the Policy in connection with the Underlying Action, USIC fully reserved all rights of reimbursement from PETERSEN of any defense costs paid on PETERSEN's behalf upon adjudication by this Court that no duty to defend PETERSEN was ever triggered under the Policy with respect to the Underlying Action.

22.     USIC's reservation of rights created an implied contractual obligation on the part of PETERSEN to reimburse USIC upon adjudication by this Court that no duty to defend PETERSEN was ever triggered under the Policy with respect to the Underlying Action

23.     By accepting the defense under the Policy, PETERSEN received the benefits under the Policy to which it was not entitled and would be unjustly enriched by the retention of those benefits at the expense of USIC upon adjudication by this Court that no duty to defend PETERSEN was ever triggered under the Policy with respect to the Underlying Action.

24.     USIC contends that it never owed a duty to defend PETERSEN under the Policy in connection with the Underlying Action and is therefore is entitled to a monetary judgment against PETERSEN according to proof equal to the sum expended by USIC in the defense of PETERSEN under the Policy in the Underlying Action.

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, USIC prays for judgment as follows:

1. For a declaration of this court binding as to all defendants which directs that the Policy provides no coverage in connection with the Underlying Action based upon the ICE;

2. For USIC's costs of suit incurred herein;

3. For monetary judgment in favor of USIC and against PETERSEN for reimbursement of the cost of defense of PETERSEN in the Underlying Action for which USIC had no duty to provide under the Policy; and

4. For all such other and further relief as the court may deem just and proper.


DATED:  DRAFT                                    BOORNAZIAN, JENSEN & GARTHE
                                                 A Professional Corporation


                                                 By: _____

                                                     THOMAS E. MULVIHILL, ESQ.
                                                     TAMIKO A. DUNHAM, ESQ.
                                                     Attorneys for Plaintiff
                                                     UNITED SPECIALTY INSURANCE
                                                     COMPANY

27582\759363

# EXHIBIT C

1  ~~MEREDITH,~~ WEINSTEIN & NUMBERS, LLP
Barron L. Weinstein (Bar No. 067972)
2  bweinstein@mwncov.com
Shanti Eagle (Bar No. 267704)
3  seagle@mwncov.com
115 Ward Street
4  Larkspur, CA 94939
Telephone:   (415) 927-6920
5  Facsimile:   (415) 927-6929

6  *Attorneys for Defendant*
Dean Petersen dba
7  Petersen Construction Services

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED SPECIALTY INSURANCE          CIVIL ACTION NO.: 2:16-cv-02480-KJM-GGH
    COMPANY, a Delaware corporation,
12                                       **DEFENDANT DEAN PETERSEN'S ANSWER
                  Plaintiff,             TO UNITED SPECIALTY INSURANCE
13                                       COMPANY'S FIRST AMENDED
          v.                             COMPLAINT FOR DECLARATORY
14                                       JUDGEMENT AND REIMBURSEMENT**
    DEAN PETERSEN dba PETERSEN
15  CONSTRUCTION SERVICES, a citizen of  **Assigned to:   Hon. Kimberly J. Mueller**
    the State of California;
16                                       Action Filed:   October 17, 2016
                  Defendant.
17                                       **Jury trial demanded.**

18

19        Defendant DEAN PETERSEN dba PETERSEN CONSTRUCTION SERVICES ("Petersen"

20  or "Defendant") in response to the unverified First Amended Complaint ("FAC") for Declaratory

21  Judgement and Reimbursement of Plaintiff UNITED SPECIALTY INSURANCE COMPANY

22  ("USIC" or "Plaintiff"), admits, denies and avers as follows:

23

24                           **JURISDICTIONAL ALLEGATION**

25        1.     In response to Paragraph 1 of the ~~Complaint~~FAC, Defendant admits the allegations

26  contained therein.

27                                **VENUE ALLEGATION**

28
                                         1

1    2.    In response to Paragraph 2 of the ~~Complaint~~FAC, Defendant admits the allegations

2  contained therein.

3                              **GENERAL ALLEGATIONS**

4    3.    In response to Paragraph 3 of the ~~Complaint~~FAC, Defendant is without sufficient

5  knowledge or information to form a belief as to the truth of the allegations, and on that basis denies

6  each and every allegation contained therein.

7    4.    In response to Paragraph 4 of the ~~Complaint~~FAC, Defendant admits the allegations

8  contained therein.

9                              **FACTUAL ALLEGATIONS**

10    5.    In response to Paragraph 5 of the ~~Complaint~~FAC, Defendant, without admitting any

11  of the allegations in the Underlying Action, admits that this coverage dispute arises out of the

12  Underlying Action as identified in Paragraph 5. Defendant admits that Exhibit A contains the

13  complaint in the Underlying Action, among other documents. Defendant avers that the pleadings in

14  the Underlying Action speak for themselves. For each of these reasons Defendant denies each and

15  every remaining allegation contained in Paragraph 5.

16    6.    In response to Paragraph 6 of the ~~Complaint~~FAC, without admitting any of the

17  allegations in the Underlying Action, Defendant admits that the Underlying Action contains such

18  allegations, among others, but denies that Plaintiff has completely or accurately summarized those

19  allegations. Furthermore, Defendant avers that the pleadings in the Underlying Action speak for

20  themselves. For each of these reasons Defendant denies each and every allegation contained in

21  Paragraph 6.

22    7.    In response to Paragraph 7 of the ~~Complaint~~FAC, without admitting any of the

23  allegations in the Underlying Action, Defendant admits that the Underlying Action contains such

24  allegations, among others, but denies that Plaintiff has completely or accurately summarized those

25  allegations. Furthermore, Defendant avers that the pleadings in the Underlying Action speak for

26  themselves. For each of these reasons Defendant denies each and every allegation contained in

27  Paragraph 7.

28

MERIDITH WEINSTEIN & NUMBERS, LLP
115 WARD STREET
LARKSPUR, CALIFORNIA 94939

8.      In response to Paragraph 8 of the ~~Complaint~~FAC, without admitting any of the allegations in the Underlying Action, Defendant admits that the Underlying Action contains such allegations, among others, but denies that Plaintiff has completely or accurately summarized those allegations. Furthermore, Defendant avers that the pleadings in the Underlying Action speak for themselves. For each of these reasons Defendant denies each and every allegation contained in Paragraph 8.

9.      In response to Paragraph 9 of the ~~Complaint~~FAC, Defendant admits the allegations contained therein.

10.     In response to Paragraph 10 of the ~~Complaint~~FAC, Defendant admits that the Underlying Action contained allegations relating to work performed and materials provided by independent contractors on behalf of Defendant, or the actions or inactions of independent contractors' employees, laborers, suppliers, or vendors.~~Defendant admits the allegations contained therein.~~ Defendant denies each and every remaining allegation contained therein.

11.     In response to Paragraph 11, Defendant denies each and every allegation contained therein.

12.     In response to Paragraph 12, Defendant admits that USIC insured PETERSEN pursuant to a Commercial General Liability policy of insurance, Policy No. DSI-GL-CA-00545, effective August 28, 2013 to August 28, 2014, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies each and every remaining allegation contained therein.

13.     In response to Paragraph 13, Defendant admits that Defendant tendered its defense and indemnity of the Underlying Action to USIC under the Policy, and that USIC retained counsel to defend PETERSEN in the Underlying Action and is currently defending PETERSEN against the Underlying Action. Defendant denies each and every remaining allegation contained in Paragraph 13.

## **FIRST CAUSE OF ACTION**

## **DECLARATORY JUDGMENT**

MERRITT WEINSTEIN & NUMBERS, LLP
115 WARD STREET
LARKSPUR, CALIFORNIA 94939

1    14.    In response to Paragraph 14, Defendant incorporates the allegations contained in

2    paragraphs 1 through 13, inclusive, of this ~~Complaint~~FAC as though fully set forth herein.

3    15.    In response to Paragraph 15, Defendant avers that the Policy speaks for itself and

4    must be read and interpreted as a whole, and contains language that includes some or all of the

5    language quoted in Paragraph 15. Defendant is without sufficient knowledge or information to form

6    a belief as to the truth of the remaining allegations, and on that basis denies each and every

7    remaining allegation contained in Paragraph 15.

8    16.    In response to Paragraph 16, Defendant admits that the Underlying Action contained

9    allegations relating to work performed and materials provided by independent contractors on behalf

10    of Defendant, or the actions or inactions of independent contractors' employees, laborers, suppliers,

11    or vendors. Defendant ~~USIC is making the contentions contained therein, but~~ denies each and every

12    remaining allegation contained in Paragraph 16.

13    17.    In response to Paragraph 17, Defendant admits that USIC that is making the

14    contentions contained therein, and further admits that it denies that USIC owes no duty to defend or

15    indemnify PETERSEN under the Policy against the claims asserted in the Underlying Action based

16    upon the ICE. Defendant denies each and every remaining allegation contained in Paragraph 17.

17    18.    In response to Paragraph 18, Defendant avers that this paragraph contains a legal

18    conclusion which does not require a response but, to the extent otherwise, Defendant denies each

19    and every allegation contained in Paragraph 18.

20    19.    In response to Paragraph 19, Defendant denies each and every allegation

21    contained in Paragraph 19.

22                **SECOND CAUSE OF ACTION**

23                **REIMBURSEMENT OF DEFENSE COSTS**

24    20.    In response to Paragraph 20, Defendant incorporates the allegations contained in

25    paragraphs 1 through 19, inclusive, of this ~~Complaint~~FAC as though fully set forth herein.

26    21.    In response to Paragraph 21, Defendant denies each and every allegation contained

27    therein.

28

PETERSEN'S ANSWER TO USIC'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGEMENT &
REIMBURSEMENT
CIVIL ACTION NO.: 2:16-cv-02480-KJM-GGH

MERRILL·WEINSTEIN & NUMBERS, LLP
115 WARD STREET
LARKSPUR, CALIFORNIA 94939

MERRITH WEINSTEIN & NUMBERS, LLP
115 WARD STREET
LARKSPUR, CALIFORNIA, 94939

1    22.     In response to Paragraph 22, Defendant denies each and every allegation contained

2    therein.

3    23.     In response to Paragraph 23, Defendant denies each and every allegation contained

4    therein.

5    24.     In response to Paragraph 24, Defendant admits that USIC that is making the

6    contentions contained therein, but denies each and every remaining allegation contained in

7    Paragraph 24.

8                    **PRAYER FOR RELIEF**

9         In response to the Prayer for Relief, Defendant denies that USIC is entitled to a judgment in

10   its favor against Defendant.

11   1.   In response to Paragraph 1 of the Prayer, Defendant denies that USIC is entitled to any relief.

12   2.   In response to Paragraph 2 of the Prayer, Defendant denies that USIC is entitled to any relief.

13   3.   In response to Paragraph 3 of the Prayer, Defendant denies that USIC is entitled to any relief.

14   4.   In response to Paragraph 4 of the Prayer, Defendant denies that USIC is entitled to any relief.

15

16                **PETERSEN'S AFFIRMATIVE DEFENSES:**

17

18                **FIRST AFFIRMATIVE DEFENSE**

19        The ~~Complaint~~FAC and each and every allegation therein fail to state facts sufficient to state

20   a cause of action against Defendant.

21                **SECOND AFFIRMATIVE DEFENSE**

22        The ~~Complaint~~FAC is uncertain.

23                **THIRD AFFIRMATIVE DEFENSE**

24        All of the claims asserted in the ~~Complaint~~FAC are barred by operation of the doctrine of

25   unclean hands.

26                **FOURTH AFFIRMATIVE DEFENSE**

27        All of the claims set forth in the ~~Complaint~~FAC are barred by operation of the doctrine of

28

MERRIAH WEINSTEIN & NUMBERS, LLP
115 WARD STREET
LARKSPUR, CALIFORNIA 94939

1  laches.

2  **FIFTH AFFIRMATIVE DEFENSE**

3  Plaintiff has breached its contractual and extra contractual obligations under the applicable

4  insurance Policy and, accordingly, all of the claims set forth in the ~~Complaint~~FAC are barred by

5  Plaintiff's breaches.

6  **SIXTH AFFIRMATIVE DEFENSE**

7  Plaintiff has breached its contractual and extra contractual obligations under the applicable

8  insurance Policy and, accordingly, any relief to which Plaintiff may be entitled should be offset by

9  Plaintiff's comparative fault.

10  **SEVENTH AFFIRMATIVE DEFENSE**

11  Plaintiff owes a duty to defend and indemnify Petersen in the Underlying Action, based on

12  all of the contentions made in the Underlying Action, including but not limited to the contentions

13  made in pleadings and discovery, and all extrinsic facts known to Plaintiff, under the terms of all

14  applicable insurance policies issued by Plaintiff.

15  **EIGHTH AFFIRMATIVE DEFENSE**

16  At all times material to the allegations of the ~~Complaint~~FAC herein, the conduct and actions

17  of Plaintiff and its agents, attorneys, representatives, and/or other individuals acting on its behalf,

18  and each of them, was such as to constitute an estoppel as to each of the claims asserted in the

19  ~~Complaint~~FAC.

20  **NINTH AFFIRMATIVE DEFENSE**

21  At all times material to the allegations of the ~~Complaint~~FAC herein, the conduct and actions

22  of Plaintiff and its agents, attorneys, representatives, and/or other individuals acting on its behalf,

23  and each of them, was such as to constitute a waiver as to each of the claims asserted in the

24  ~~Complaint~~FAC.

25  **TENTH AFFIRMATIVE DEFENSE**

26  Plaintiff failed to properly reserve its rights to deny coverage for defense and indemnity of

27  Petersen in the Underlying Action.

28

MERIDIAN WEINSTEIN & NUMBERS, LLP
115 WARD STREET
LARKSPUR, CALIFORNIA 94939

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to take reasonable steps to mitigate its alleged loss, if any, and such conduct bars or reduces any recovery sought by Plaintiff herein.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's acts and omissions contributed as a proximate cause in bringing about Plaintiff's alleged loss, if any, and the total amount of loss to which Plaintiff is entitled, if any, should be reduced in proportion to Plaintiff's own fault.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Portions of the applicable policies are ambiguous and unenforceable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Portions of the applicable policies are unenforceable because they defeat the reasonable expectations of the insured(s).

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's ~~Complaint~~FAC is barred because Plaintiff acted as a volunteer in connection with the matters alleged in the ~~Complaint~~FAC.

**SIXTEENTH AFFIRMATIVE DEFENSE**

One or more of the controversies alleged in the ~~Complaint~~FAC is not ripe for adjudication.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Pursuit of the instant action is improper because the issues in this action overlap with issues in the pending Underlying Action, and pursuit of this action would prejudice the rights of Petersen as Plaintiff's insured(s). Accordingly, the instant action should be dismissed or stayed pending a resolution of the Underlying Action. Montrose Chem. Corp. v. Sup. Ct. 25 Cal. App. 4th 902, 910 (1994); Wilton v. Seven Falls Co. 515 U.S., 283 (1995); Allied Prop. & Cas. Ins. Co. v. Roberts 2011 WL 2495691, at *1 (E.D. Cal. June 21, 2011).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has breached its duty to defend Petersen in the Underlying Action by, among other things, failing to advise Petersen of its right to independent counsel as required by California Civil

1  Code Section 2860, and its claims herein are therefore barred.

2  **NINETEENTH AFFIRMATIVE DEFENSE**

3  Plaintiff's claims are barred in whole or in part by the doctrine of unjust enrichment, as

4  Plaintiff's retention of the premiums paid by Petersen for insurance coverage would be unjust if

5  Plaintiff refuses to acknowledge its obligations to Petersen.

6  **TWENTIETH AFFIRMATIVE DEFENSE**

7  Plaintiff's claims are barred by Plaintiff's failure to join one or more indispensable parties.

8  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

9  Plaintiff's ~~Complaint~~FAC, and each cause of action therein, is barred by the applicable

10 statutes of limitations, including without limitation Cal. Civ. Pro. Code §§ 337, 339, 343.

11 **TWENTY-SECOND AFFIRMATIVE DEFENSE**

12 Plaintiff has failed to provide a proper and adequate defense to Defendant in the Underlying

13 Action and has therefore waived any coverage defenses.

14 **TWENTY-THIRD AFFIRMATIVE DEFENSE**

15 Plaintiff has failed to provide a proper and adequate defense to Defendant in the Underlying

16 Action and therefore is estopped to deny any defense or indemnity obligations.

17 **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

18 Plaintiff has failed to provide a proper and adequate defense to Defendant in the Underlying

19 Action and, therefore, is not entitled to any reimbursement of defense costs.

20 **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

21 Plaintiff failed to properly reserve its rights to seek reimbursement from Petersen.

22 **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

23 Petersen asserts that they presently have insufficient knowledge or information on which to

24 form a belief as to whether they may have further, as yet unstated, defenses available. Petersen

25 therefore reserves herein the right to assert additional defenses if discovery and further investigation

26 indicates that further defenses would be appropriate.

27

28

MERIDITH WEINSTEIN & NUMBERS, LLP
115 WARD STREET
LARKSPUR, CALIFORNIA 94939

8

PETERSEN'S ANSWER TO USIC'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGEMENT &
REIMBURSEMENT
CIVIL ACTION NO.: 2:16-cv-02480-KJM-GGH

**PETERSEN'S PRAYER FOR RELIEF**

WHEREFORE, Petersen prays for judgment as follows:

1.  That Plaintiff take nothing by reason of its ~~Complaint~~FAC;

2.  For costs of suit incurred herein;

3.  For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure Defendant hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

DATED: ~~December 27, 2016~~_____          ~~MEREDITH,~~ WEINSTEIN & NUMBERS, LLP

By:   ~~/s/ Barron L. Weinstein~~_____
      Barron L. Weinstein
      Shanti Eagle

*Attorneys for Defendant*
Dean Petersen dba
Petersen Construction Services

MEREDITH, WEINSTEIN & NUMBERS, LLP
115 WARD STREET
LARKSPUR, CALIFORNIA 94939

# EXHIBIT D

WEINSTEIN & NUMBERS, LLP
Barron L. Weinstein (Bar No. 067972)
bweinstein@mwncov.com
Shanti Eagle (Bar No. 267704)
seagle@mwncov.com
115 Ward Street
Larkspur, CA 94939
Telephone:   (415) 927-6920
Facsimile:   (415) 927-6929

*Attorneys for Defendant*
Dean Petersen dba
Petersen Construction Services

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEAN PETERSEN dba PETERSEN CONSTRUCTION SERVICES, a citizen of the State of California;<br><br>Defendant. | CIVIL ACTION NO.: 2:16-cv-02480-KJM-GGH<br><br>**DEFENDANT DEAN PETERSEN'S ANSWER TO UNITED SPECIALTY INSURANCE COMPANY'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGEMENT AND REIMBURSEMENT**<br><br>**Assigned to:   Hon. Kimberly J. Mueller**<br><br>Action Filed:  October 17, 2016<br><br>**Jury trial demanded.** |

Defendant DEAN PETERSEN dba PETERSEN CONSTRUCTION SERVICES ("Petersen" or "Defendant") in response to the unverified First Amended Complaint ("FAC") for Declaratory Judgement and Reimbursement of Plaintiff UNITED SPECIALTY INSURANCE COMPANY ("USIC" or "Plaintiff"), admits, denies and avers as follows:

## JURISDICTIONAL ALLEGATION

1.     In response to Paragraph 1 of the FAC, Defendant admits the allegations contained therein.

## VENUE ALLEGATION

WEINSTEIN & NUMBERS, LLP
115 WARD STREET
LARKSPUR, CALIFORNIA 94939

Weinstein & Numbers, LLP
115 Ward Street
Larkspur, California 94939

2.      In response to Paragraph 2 of the FAC, Defendant admits the allegations contained therein.

## GENERAL ALLEGATIONS

3.      In response to Paragraph 3 of the FAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

4.      In response to Paragraph 4 of the FAC, Defendant admits the allegations contained therein.

## FACTUAL ALLEGATIONS

5.      In response to Paragraph 5 of the FAC, Defendant, without admitting any of the allegations in the Underlying Action, admits that this coverage dispute arises out of the Underlying Action as identified in Paragraph 5. Defendant admits that Exhibit A contains the complaint in the Underlying Action, among other documents. Defendant avers that the pleadings in the Underlying Action speak for themselves. For each of these reasons Defendant denies each and every remaining allegation contained in Paragraph 5.

6.      In response to Paragraph 6 of the FAC, without admitting any of the allegations in the Underlying Action, Defendant admits that the Underlying Action contains such allegations, among others, but denies that Plaintiff has completely or accurately summarized those allegations. Furthermore, Defendant avers that the pleadings in the Underlying Action speak for themselves. For each of these reasons Defendant denies each and every allegation contained in Paragraph 6.

7.      In response to Paragraph 7 of the FAC, without admitting any of the allegations in the Underlying Action, Defendant admits that the Underlying Action contains such allegations, among others, but denies that Plaintiff has completely or accurately summarized those allegations. Furthermore, Defendant avers that the pleadings in the Underlying Action speak for themselves. For each of these reasons Defendant denies each and every allegation contained in Paragraph 7.

8.      In response to Paragraph 8 of the FAC, without admitting any of the allegations in the Underlying Action, Defendant admits that the Underlying Action contains such allegations, among

WEINSTEIN & NUMBERS, LLP
115 WARD STREET
LARKSPUR, CALIFORNIA 94939

1    others, but denies that Plaintiff has completely or accurately summarized those allegations.

2    Furthermore, Defendant avers that the pleadings in the Underlying Action speak for themselves. For

3    each of these reasons Defendant denies each and every allegation contained in Paragraph 8.

4         9.    In response to Paragraph 9 of the FAC, Defendant admits the allegations contained

5    therein.

6         10.    In response to Paragraph 10 of the FAC, Defendant admits that the Underlying Action

7    contained allegations relating to work performed and materials provided by independent contractors

8    on behalf of Defendant, or the actions or inactions of independent contractors' employees, laborers,

9    suppliers, or vendors.. Defendant denies each and every remaining allegation contained therein.

10        11.    In response to Paragraph 11, Defendant denies each and every allegation contained

11   therein.

12        12.    In response to Paragraph 12, Defendant admits that USIC insured PETERSEN

13   pursuant to a Commercial General Liability policy of insurance, Policy No. DSI-GL-CA-00545,

14   effective August 28, 2013 to August 28, 2014, but is without sufficient knowledge or information to

15   form a belief as to the truth of the remaining allegations and on that basis denies each and every

16   remaining allegation contained therein.

17        13.    In response to Paragraph 13, Defendant admits that Defendant tendered its defense

18   and indemnity of the Underlying Action to USIC under the Policy, and that USIC retained counsel to

19   defend PETERSEN in the Underlying Action and is currently defending PETERSEN against the

20   Underlying Action. Defendant denies each and every remaining allegation contained in Paragraph

21   13.

22                        **FIRST CAUSE OF ACTION**

23                        **DECLARATORY JUDGMENT**

24        14.    In response to Paragraph 14, Defendant incorporates the allegations contained in

25   paragraphs 1 through 13, inclusive, of this FAC as though fully set forth herein.

26        15.    In response to Paragraph 15, Defendant avers that the Policy speaks for itself and

27   must be read and interpreted as a whole, and contains language that includes some or all of the

28

PETERSEN'S ANSWER TO USIC'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGEMENT &
REIMBURSEMENT
CIVIL ACTION NO.: 2:16-cv-02480-KJM-GGH

WEINSTEIN & NUMBERS, LLP
115 WARD STREET
LARKSPUR, CALIFORNIA 94939

1   language quoted in Paragraph 15. Defendant is without sufficient knowledge or information to form

2   a belief as to the truth of the remaining allegations, and on that basis denies each and every

3   remaining allegation contained in Paragraph 15.

4          16.    In response to Paragraph 16, Defendant admits that the Underlying Action contained

5   allegations relating to work performed and materials provided by independent contractors on behalf

6   of Defendant, or the actions or inactions of independent contractors' employees, laborers, suppliers,

7   or vendors. Defendant denies each and every remaining allegation contained in Paragraph 16.

8          17.    In response to Paragraph 17, Defendant admits that USIC that is making the

9   contentions contained therein, and further admits that it denies that USIC owes no duty to defend or

10  indemnify PETERSEN under the Policy against the claims asserted in the Underlying Action based

11  upon the ICE. Defendant denies each and every remaining allegation contained in Paragraph 17.

12         18.    In response to Paragraph 18, Defendant avers that this paragraph contains a legal

13  conclusion which does not require a response but, to the extent otherwise, Defendant denies each

14  and every allegation contained in Paragraph 18.

15         19.    In response to Paragraph 19, Defendant denies each and every allegation

16  contained in Paragraph 19.

17                          **SECOND CAUSE OF ACTION**

18                      **REIMBURSEMENT OF DEFENSE COSTS**

19         20.    In response to Paragraph 20, Defendant incorporates the allegations contained in

20  paragraphs 1 through 19, inclusive, of this FAC as though fully set forth herein.

21         21.    In response to Paragraph 21, Defendant denies each and every allegation contained

22  therein.

23         22.    In response to Paragraph 22, Defendant denies each and every allegation contained

24  therein.

25         23.    In response to Paragraph 23, Defendant denies each and every allegation contained

26  therein.

27

28

1    24.    In response to Paragraph 24, Defendant admits that USIC that is making the

2    contentions contained therein, but denies each and every remaining allegation contained in

3    Paragraph 24.

4                            **PRAYER FOR RELIEF**

5          In response to the Prayer for Relief, Defendant denies that USIC is entitled to a judgment in

6    its favor against Defendant.

7       1.  In response to Paragraph 1 of the Prayer, Defendant denies that USIC is entitled to any relief.

8       2.  In response to Paragraph 2 of the Prayer, Defendant denies that USIC is entitled to any relief.

9       3.  In response to Paragraph 3 of the Prayer, Defendant denies that USIC is entitled to any relief.

10      4.  In response to Paragraph 4 of the Prayer, Defendant denies that USIC is entitled to any relief.

11

12                       **PETERSEN'S AFFIRMATIVE DEFENSES:**

13

14                          **FIRST AFFIRMATIVE DEFENSE**

15         The FAC and each and every allegation therein fail to state facts sufficient to state a cause of

16    action against Defendant.

17                         **SECOND AFFIRMATIVE DEFENSE**

18         The FAC is uncertain.

19                          **THIRD AFFIRMATIVE DEFENSE**

20         All of the claims asserted in the FAC are barred by operation of the doctrine of unclean

21    hands.

22                         **FOURTH AFFIRMATIVE DEFENSE**

23         All of the claims set forth in the FAC are barred by operation of the doctrine of laches.

24                          **FIFTH AFFIRMATIVE DEFENSE**

25         Plaintiff has breached its contractual and extra contractual obligations under the applicable

26    insurance Policy and, accordingly, all of the claims set forth in the FAC are barred by Plaintiff's

27    breaches.

28

PETERSEN'S ANSWER TO USIC'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGEMENT &
REIMBURSEMENT
CIVIL ACTION NO.: 2:16-cv-02480-KJM-GGH

WEINSTEIN & NUMBERS, LLP
115 WARD STREET
LARKSPUR, CALIFORNIA 94939

1

### SIXTH AFFIRMATIVE DEFENSE

2    Plaintiff has breached its contractual and extra contractual obligations under the applicable

3  insurance Policy and, accordingly, any relief to which Plaintiff may be entitled should be offset by

4  Plaintiff's comparative fault.

5

### SEVENTH AFFIRMATIVE DEFENSE

6    Plaintiff owes a duty to defend and indemnify Petersen in the Underlying Action, based on

7  all of the contentions made in the Underlying Action, including but not limited to the contentions

8  made in pleadings and discovery, and all extrinsic facts known to Plaintiff, under the terms of all

9  applicable insurance policies issued by Plaintiff.

10

### EIGHTH AFFIRMATIVE DEFENSE

11    At all times material to the allegations of the FAC herein, the conduct and actions of Plaintiff

12  and its agents, attorneys, representatives, and/or other individuals acting on its behalf, and each of

13  them, was such as to constitute an estoppel as to each of the claims asserted in the FAC.

14

### NINTH AFFIRMATIVE DEFENSE

15    At all times material to the allegations of the FAC herein, the conduct and actions of Plaintiff

16  and its agents, attorneys, representatives, and/or other individuals acting on its behalf, and each of

17  them, was such as to constitute a waiver as to each of the claims asserted in the FAC.

18

### TENTH AFFIRMATIVE DEFENSE

19    Plaintiff failed to properly reserve its rights to deny coverage for defense and indemnity of

20  Petersen in the Underlying Action.

21

### ELEVENTH AFFIRMATIVE DEFENSE

22    Plaintiff has failed to take reasonable steps to mitigate its alleged loss, if any, and such

23  conduct bars or reduces any recovery sought by Plaintiff herein.

24

### TWELFTH AFFIRMATIVE DEFENSE

25    Plaintiff's acts and omissions contributed as a proximate cause in bringing about Plaintiff's

26  alleged loss, if any, and the total amount of loss to which Plaintiff is entitled, if any, should be

27  reduced in proportion to Plaintiff's own fault.

28

WEINSTEIN & NUMBERS, LLP
115 WARD STREET
LARKSPUR, CALIFORNIA 94939

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2   Portions of the applicable policies are ambiguous and unenforceable.

3

## FOURTEENTH AFFIRMATIVE DEFENSE

4   Portions of the applicable policies are unenforceable because they defeat the reasonable

5   expectations of the insured(s).

6

## FIFTEENTH AFFIRMATIVE DEFENSE

7   Plaintiff's FAC is barred because Plaintiff acted as a volunteer in connection with the matters

8   alleged in the FAC.

9

## SIXTEENTH AFFIRMATIVE DEFENSE

10   One or more of the controversies alleged in the FAC is not ripe for adjudication.

11

## SEVENTEENTH AFFIRMATIVE DEFENSE

12   Pursuit of the instant action is improper because the issues in this action overlap with issues

13   in the pending Underlying Action, and pursuit of this action would prejudice the rights of Petersen as

14   Plaintiff's insured(s). Accordingly, the instant action should be dismissed or stayed pending a

15   resolution of the Underlying Action. Montrose Chem. Corp. v. Sup. Ct. 25 Cal. App. 4th 902, 910

16   (1994); Wilton v. Seven Falls Co. 515 U.S., 283 (1995); Allied Prop. & Cas. Ins. Co. v. Roberts

17   2011 WL 2495691, at *1 (E.D. Cal. June 21, 2011).

18

## EIGHTEENTH AFFIRMATIVE DEFENSE

19   Plaintiff has breached its duty to defend Petersen in the Underlying Action by, among other

20   things, failing to advise Petersen of its right to independent counsel as required by California Civil

21   Code Section 2860, and its claims herein are therefore barred.

22

## NINETEENTH AFFIRMATIVE DEFENSE

23   Plaintiff's claims are barred in whole or in part by the doctrine of unjust enrichment, as

24   Plaintiff's retention of the premiums paid by Petersen for insurance coverage would be unjust if

25   Plaintiff refuses to acknowledge its obligations to Petersen.

26

## TWENTIETH AFFIRMATIVE DEFENSE

27   Plaintiff's claims are barred by Plaintiff's failure to join one or more indispensable parties.

28

### TWENTY-FIRST AFFIRMATIVE DEFENSE

2    Plaintiff's FAC, and each cause of action therein, is barred by the applicable statutes of

3 limitations, including without limitation Cal. Civ. Pro. Code §§ 337, 339, 343.

4    ### TWENTY-SECOND AFFIRMATIVE DEFENSE

5    Plaintiff has failed to provide a proper and adequate defense to Defendant in the Underlying

6 Action and has therefore waived any coverage defenses.

7    ### TWENTY-THIRD AFFIRMATIVE DEFENSE

8    Plaintiff has failed to provide a proper and adequate defense to Defendant in the Underlying

9 Action and therefore is estopped to deny any defense or indemnity obligations.

10    ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

11    Plaintiff has failed to provide a proper and adequate defense to Defendant in the Underlying

12 Action and, therefore, is not entitled to any reimbursement of defense costs.

13    ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

14    Plaintiff failed to properly reserve its rights to seek reimbursement from Petersen.

15    ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

16    Petersen asserts that they presently have insufficient knowledge or information on which to

17 form a belief as to whether they may have further, as yet unstated, defenses available. Petersen

18 therefore reserves herein the right to assert additional defenses if discovery and further investigation

19 indicates that further defenses would be appropriate.

20

21    ### PETERSEN'S PRAYER FOR RELIEF

22    WHEREFORE, Petersen prays for judgment as follows:

23    1.    That Plaintiff take nothing by reason of its FAC;

24    2.    For costs of suit incurred herein;

25    3.    For such other and further relief as the Court may deem just and proper.

26    ### JURY DEMAND

27    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure Defendant hereby demands a

28

WEINSTEIN & NUMBERS, LLP
115 WARD STREET
LARKSPUR, CALIFORNIA 94939

trial by jury of all issues so triable.

Respectfully Submitted,

DATED: _____          WEINSTEIN & NUMBERS, LLP


By: _____
      Barron L. Weinstein
      Shanti Eagle

*Attorneys for Defendant*
Dean Petersen dba
Petersen Construction Services

WEINSTEIN & NUMBERS, LLP
115 WARD STREET
LARKSPUR, CALIFORNIA 94939

PETERSEN'S ANSWER TO USIC'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGEMENT &
REIMBURSEMENT
CIVIL ACTION NO.: 2:16-cv-02480-KJM-GGH